IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN D. HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-22-894-F |
| | ) |
| MERRICK GARLAND, UNITED | ) |
| STATES ATTORNEY GENERAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court is in receipt of the Complaint for a Declaratory Judgment Regarding the Plaintiff's Second Amendment Constitutional Rights, filed by plaintiff John D. Horton. Plaintiff, appearing *pro se*,[1] seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that his Second Amendment rights have not been infringed.[2] Plaintiff alleges that jurisdiction for his action against defendant Merrick Garland, United States Attorney General, is based on federal question jurisdiction, 28 U.S.C. § 1331.

"'It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Merida Delgado v. Gonzales,

---

[1] As a *pro se* litigant, the court construes plaintiff's complaint liberally. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court will not act as his advocate. See, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff has been granted leave to proceed in forma pauperis upon order of United States Magistrate Judge Suzanne Mitchell. See, doc. no. 5.

428 F.3d 916, 919 (10th Cir. 2005) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980).  "In general, federal agencies and federal officials sued in their official capacities are also shielded by sovereign immunity."  *Id*. (citation omitted).  "'A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.'"  *Id*. (quoting Mitchell, 445 U.S. at 538).  Thus, plaintiff who is bringing a claim against a federal official acting in his official capacity—and therefore, as a matter of law, against the United States—must identify a specific waiver of immunity in order to establish the court's jurisdiction.  *See*, Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009).

Plaintiff relies upon federal question jurisdiction for his action, but 28 U.S.C. § 1331, which establishes the court's jurisdiction over federal questions, does not provide a waiver of sovereign immunity.  *See*, Merida Delgado, 428 F.3d at 919.  Consequently, this court's jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity.  *Id*.  Plaintiff also seeks relief under the Declaratory Judgment Act.  However, that statute also does not provide a waiver of sovereign immunity.  *See*, Wyoming v. U.S., 279 F.3d 1214, 1225 (10th Cir. 2002).

Although not cited, the Administrative Procedure Act (APA) "waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'"  Match-E-Be-Nash-She-Wish Band of Pottawatomie Indians v. Patchak, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702).  This waiver of sovereign immunity is not limited to suits under the APA.  Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1233 (10th Cir. 2005).  While plaintiff seeks relief other than damages against defendant, plaintiff does not allege that defendant "acted or failed to act" in an official capacity

2

or under color of legal authority. He does not allege any official misconduct occurred. There are no facts to show any violation of a constitutional right.

While sovereign immunity does not apply when the sovereign consents to suit, such waivers are to be read narrowly. *See*, James v. United States, 970 F.2d 750, 753 (10th Cir. 1992). Even affording the complaint a liberal construction, plaintiff has failed to allege facts to show a waiver of sovereign immunity based on the language of the APA.[3] Sovereign immunity therefore deprives the court of jurisdiction to entertain plaintiff's claim against defendant.[4]

Additionally, standing is a jurisdictional prerequisite. *See*, Laufer v. Looper, 22 F.4th 871, 876 (10th Cir. 2022). Plaintiff has the burden of showing standing. *See,* Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To establish standing, plaintiff must allege that he "(1) 'suffered an injury in fact,' (2) that is 'fairly traceable to the challenged action of the defendant,' and (3) that is likely to be 'redressed by a favorable ruling.'" Laufer, 22 F.4th at 876 (quoting Lujan, 504 U.S. at 560-61). An "injury in fact" is "'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id*. (quoting Lujan, 504 U.S. at 560).

The court concludes that plaintiff's allegations in his complaint fail to demonstrate the prerequisites for standing. Clearly, plaintiff has not alleged any factual basis to establish an injury in fact. Without the necessary allegations, the court concludes that plaintiff lacks standing to bring this action. *See*, FW/PSB, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (if party fails to make necessary

---

[3] Plaintiff also has not alleged facts to show that his action comes within the ultra vires exception to sovereign immunity. *See*, Wyoming, 279 F.3d at 1229-1230.

[4] The court may raise the sovereign immunity issue sua sponte. *See*, Clymore v. U.S., 415 F.3d 1113, 1118, n. 6 (10th Cir. 2005).

allegations, he has no standing). As such, the court lacks jurisdiction to entertain plaintiff's action against defendant.[5]

Accordingly, the Complaint for a Declaratory Judgment Regarding the Plaintiff's Second Amendment Constitutional Rights (doc. no. 1), filed by plaintiff John D. Horton, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

DATED this 20th day of October, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0894p002.docx

---

[5] To the extent plaintiff alleges a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against defendant in his individual capacity, rather than his official capacity as United States Attorney General, the court finds that such claim would be subject to dismissal for failure to state a claim upon which relief can be granted. Bivens liability has not been extended to a claim under Second Amendment. See, Meeks v. Larsen, 611 Fed. Appx. 277, 286 (2d Cir. 2015); Yorzinski v. Imbert, 39 F. Supp. 3d 218, 223 (D. Conn. 2014). In addition, a Bivens action does not allow for a plaintiff to seek equitable relief. See, Bivens, 403 U.S. at 410 (Harlan, J. concurring ("For people in Bivens' shoes, it is damages or nothing."); Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").